UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-3845-DMG (Ex) | Date | March 29, 2024 |
| Title | *Anna Biani v. Showtime Networks, Inc., et al.* | Page | 1 of 9 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KELLY DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO DISMISS [19]**

Plaintiff Anna Biani filed this lawsuit on May 18, 2023, alleging claims for direct and contributory copyright infringement, and a related claim for declaratory relief, against Defendants Showtime Networks, Inc., Showtime Digital, Inc., John Logan, and David Nevins, who created the television series "Penny Dreadful."[1] *See* Compl. ¶¶ 72–94 [Doc. # 1].

On August 24, 2023, Defendants filed the instant motion to dismiss Biani's Complaint. [Doc. # 19 ("MTD").] The Motion is fully briefed. [Doc. ## 20 ("Opp."), 21 ("Reply").] For the following reasons, the MTD is **GRANTED**, with leave to amend.

**I.
FACTUAL BACKGROUND[2]**

In 2011, Plaintiff Anna Biani joined an online role-playing forum called "Murders & Roses: Victorian London Crime and Scandals," (the "Forum") through which members could create their own characters (or use pre-selected canonical Victorian characters) to develop "London-based, crime-related plot lines." Compl. ¶ 9. Between 2011 and 2013, Biani created three original characters for the Forum: Charlotte Benoit, Frederick FitzClarence, and Landon Lloyd. Her posts on the Forum contain detailed descriptions of these characters, including their physical appearance and personalities. *Id.* ¶¶ 39–53. In addition to copyrighting the descriptions for all three characters, she copyrighted as short online literary works her more than 1,000 posts to the Forum that involved these characters. *See id.*, Exs. A–J. Two moderators on the Forum, posting under the screennames "Dorian Gray" and "Lord Charles Carmichael," (together, the

---

[1] She also names Doe Defendants 1 and 2, who are moderators of the Forum of unknown identity, under the screennames "Dorian Gray" and "Lord Charles Carmichael." *See* Compl. ¶ 44.

[2] The Court assumes the truth of Biani's factual allegations for the purpose of deciding this motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-3845-DMG (Ex) | Date | March 29, 2024 |
| Title | *Anna Biani v. Showtime Networks, Inc., et al.* | Page | 2 of 9 |

"Moderators"), approved her character designs and commented on their originality. *Id.* ¶¶ 44, 48.

Three years later, in 2014, Showtime aired its series "Penny Dreadful,"[3] which also "wove together stories set in 19th Century London involving canonical characters from Victorian Gothic fiction" and more with two original characters: Vanessa Ives ("Vanessa") and Sir Malcolm Murray ("Malcolm"). *See Id.* ¶¶ 52–53. The "Penny Dreadful" characters and plot also contain occult elements and themes of sexuality and crime. *Id.* ¶¶ 53–55.

In her Complaint, Biani alleges that Showtime, Nevins, and/or Logan accessed her works on the Forum, either directly or through the forum moderators, and used them to create the characters Vanessa Ives and Sir Malcolm Murray in "Penny Dreadful." *See id.* ¶¶ 74, 82.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) states that a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P 12(b)(6). To survive a 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (internal citation omitted). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id.*

## III.
## DISCUSSION

"To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (quoting

---

[3] The Court has reviewed Defendants' physical exhibits, properly submitted in support of their MTD, although it notes that the "Episode 1" folder did not contain any type of media file. [Doc. # 19-2.] On a motion to dismiss, courts may consider evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). These requirements are met with respect to Defendants' video exhibits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-3845-DMG (Ex) | Date | March 29, 2024 |
| Title | *Anna Biani v. Showtime Networks, Inc., et al.* | Page | 3 of 9 |

*Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991)). Absent direct evidence of copying, "a plaintiff may prove this element through circumstantial evidence that (1) the defendant had access to the copyrighted work prior to the creation of defendant's work and (2) there is [sufficient] similarity of the general ideas and expression between the copyrighted work and the defendant's work." *Id.* at 984–85; *see also Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

**A.      Ownership of a Valid Copyright**

The Court will first consider whether Biani's characters qualify for copyright protection. Copyright law explicitly protects categories of works—such as literary works, musical works, and motion pictures—but it does not explicitly protect fictional characters as a category. *See* 17 U.S.C. § 102. Despite this lack of explicit statutory protection, courts sometimes extend copyright protection to entire *characters*, such as Charlotte, Frederick, and Landon. *See Summit Kaiju LLC v. Legend Pictures, LLC*, No. CV 21-9779-PA (ASx), 2022 WL 2235460, at *3 (C.D. Cal. Apr. 12, 2022) (citing U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 313.4(H)) (explaining that copyright protection for characters is usually "'limited to the artistic rendition of the character in the visual form' rather than the 'concept of the character.'").

The Ninth Circuit has articulated two tests for determining whether a character as originally conceived and presented is sufficiently developed to command copyright protection: the "story being told" test and the so-called "*Towle*" test. *See* Opp. at 7; *Warner Bros. Pictures v. Columbia Broad. Sys.*, 216 F.2d 945 (9th Cir. 1954) (articulating the "story being told" test); *DC Comics v. Towle*, 802 F.3d 1012 (9th Cir. 2015) (setting forth the *Towle* factors). The Court will address each in turn.

**1.      "Story Being Told"**

Historically, courts have afforded copyright protections to literary characters that constitute "the story being told" in a work. *See Daniels v. Walt Disney Co.*, 958 F.3d 767, 773–74 (9th Cir. 2020) (citing *Warner Bros. Pictures, Inc. v. Columbia Broadcasting Sys., Inc.*, 216 F.2d 945, 950 (9th Cir. 1954)). To qualify for copyright protection under this test, the character must be more than "the chessman in the game of telling the story"—instead, the story must "become[] essentially a character study" of that character. *Id.* (quoting *Warner Bros.*, 216 F.3d at 950). This is an extremely "high bar," which few literary characters have met over time. *Id.* at 774; *see also, e.g., Toho Co., Ltd. v. William Morrow and Co., Inc.*, 33 F. Supp. 2d 1206, 1215–16 (C.D. Cal. 1998) (Godzilla); *Metro-Goldwyn-Mayer v. American Honda*, 900 F. Supp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-3845-DMG (Ex) | Date | March 29, 2024 |
| Title | *Anna Biani v. Showtime Networks, Inc., et al.* | Page | 4 of 9 |

1287, 1295–96 (C.D. Cal. 1995) (James Bond); *Anderson v. Stallone*, No. CV 87-592-WDK (Gx), 1989 WL 206431, at *8 (C.D. Cal. Apr. 25, 1989) (Rocky Balboa).

Here, Biani's allegations are insufficient to plausibly allege that any of her characters are the "story being told" in the Forum. By its nature, the Forum is a place where the story told is "crowdsourced," and no individual character or user dominates the plot. *See* MTD at 19– 20; Compl. ¶ 44 (moderator commenting that he is "curious to see [Charlotte] be part of the forum plot"). Biani is far from the sole author of the story in the Forum. While Biani correctly argues in her Opposition that "lesser-known" characters such as hers may also constitute the "story being told," *see* Opp. at 11 n.1, her allegations simply do not support that determination here.

Biani argues that her characters are "not interwoven contributions to a story independent of characters[,]" but are "the very heart of the copyrighted works" on the Forum. *See* Opp. at 11. Her main support for this idea is *Anderson*, in which the court held that Rocky Balboa's character warranted copyright protection in part because his character developed over multiple movies, which she analogizes to Charlotte's development through different posts in the Forum. *Id.* at 12–13 (citing *Anderson*, 1989 WL 206431, at *6–8).

This analogy is unpersuasive. As a preliminary matter, the court in *Anderson* emphasizes that Rocky is a "graphically-depicted" character, which is "much more likely than a literary character to be fleshed out in sufficient detail to warrant copyright protection." *Id.* at *7; see also* Reply at 17. The *Anderson* opinion also notes that "[a]ll three Rocky movies focused on the development and relationships" of "the Rocky characters." *Anderson*, 1989 WL 206431, at *8. By contrast, Charlotte, Frederick, and Landon are just three of many characters in the Forum driving the plot, most of whom Biani does not control. In fact, the plot predates them—the original advertisement for the Forum reflects that the plot of the Forum is driven by elements such as wealth inequality, "conflict and arguments between the haves and have nots," and a character named "Mr. Holmes" who "struggles to solve a trail of inexplicable cases" of "mysterious deaths" and "love stories." *See* Compl. ¶ 33. In other words, the story being told on the Forum cannot fairly be described as a "character study" of Biani's characters alone.

While *Daniels* recently reaffirmed the continued existence of the Ninth Circuit's "story being told" test, it is a remnant of an older approach to copyright law. *See* 958 F.3d at 773 ("Since the 1950s, we have also extended copyright protection to characters—both literary and graphic—that constitute 'the story being told' in a work."). The gravamen of the parties' dispute on this issue is whether the "story" must be understood as the roleplaying plot of the entire Forum, or whether Biani's individual posts constitute their own story for the purpose of applying this test. *See* Opp. at 12–13 ("There is no requirement that the 'story being told' be evaluated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-3845-DMG (Ex) | Date | March 29, 2024 |
| Title | *Anna Biani v. Showtime Networks, Inc., et al.* | Page | 5 of 9 |

based on a single 'complete' or 'cognizable' work, and Defendants have not cited any authority for the proposition that the 'story being told' must be contained within one work."). But Biani's granular application of the "story being told" test does not make sense, given the origins and purpose of this test. Even in *Anderson*, Biani's most-cited case, the "story" was assumed to be the overarching plot of all three Rocky movies. Biani's posts are not stand-alone works, but pieces of a broader storyline. *See* Compl. ¶ 31 (describing role-playing forums). In conclusion, her allegations do not satisfy this test.

### 2. *Towle* Factors

Under the "*Towle* Factors," a character may merit copyright protection if: (1) the character has "physical as well as conceptual qualities," (2) the character is "sufficiently delineated to be recognizable as the same character whenever it appears" and "display[s] consistent, identifiable character traits and attributes," and (3) the character is "especially distinctive" and "contain[s] some unique elements of expression." *Daniels*, 958 F.3d at 771 (citing *Towle*, 802 F.3d at 1021). Defendants do not seem to dispute that Biani's characters have both physical and conceptual qualities, so the Court will focus on the second and third elements.

#### a. Sufficiently Delineated

First, Defendants argue that this test requires consistency of character *across works* for Biani's characters, and thus her characters fail because there "are no cognizable or completed works to evaluate in this case[.]" *See* MTD at 20. But a "work" in copyright law may take "many different forms," and thus Biani's different posts on the Forum may qualify as different "works" for this purpose.[4] *See* WORK, Black's Law Dictionary (11th ed. 2019); 17 U.S.C. § 102(a) (copyright protection "subsists . . . in original works of authorship fixed in any tangible medium of expression"); *cf. Monsarrat v. Newman*, 28 F.4th 314, 320–21 (1st Cir. 2022) (referring to online forum posts as individual copyrightable works).

Taking Biani's allegations as true, it seems that Charlotte (and her other characters) would be consistent and recognizable across her posts and interactions in the Forum. *See* Compl. ¶¶ 14 (Landon's character description), 40–41 (Charlotte's character description), 45–46 (Frederick's character description), 31 (describing "single theme or idea" around which characters engage in role-playing forums).

---

[4] The Court notes that *Daniels* uses the term "work" to describe the "story being told in a work," which the Court interprets as referring to the overall plot to which the character belongs, *see supra*. For the purpose of applying the *Towle* Factors, the Court uses the term to refer to Biani's individual copyrighted online forum posts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-3845-DMG (Ex) | Date | March 29, 2024 |
| Title | *Anna Biani v. Showtime Networks, Inc., et al.* | Page | 6 of 9 |

### b. Especially Distinctive

At the pleadings stage, courts do not require an "extensive and exhaustive list of traits or characteristics," but merely a "sufficient description to plausibly allege that [the character] is distinctive and has unique elements of expression." *See Summit Kaiju*, 2022 WL 2235460, at *4.

Biani's allegations meet that standard with respect to all three of her characters. Her character description of Charlotte is specific and unique, as a "feminine, courteous, and well-mannered" Victorian woman, who is also a "witch doctor" "specializing in harnessing the magical power of plants," and who has a specific physical description and a known habit of cross-dressing. *See* Compl. ¶¶ 11, 40–43. She even has a description of Charlotte's childhood and other facets of her identity. *Id.* ¶¶ 41–42. Frederick is also sufficiently well-developed to meet this standard, as his descriptions contain similar amounts of detail. *See id.* ¶¶ 45–46 (describing Frederick's habit of public displays of sexuality, who also has "seizures" and "dark thoughts," and a detailed personal history). The Moderators commented on Charlotte's and Frederick's originality. *Id.* ¶¶ 44, 48. Landon, a "nomadic" "explorer" who wears a specific "brown pinstripe sack coat and pinstripe pants," has the power of "clairvoyance" and his description contains specific personal history. *Id.* ¶¶ 49–50. These are all unique and specific characteristics that clearly delineate each character.

The Court concludes that Biani has plausibly alleged that her characters meet the *Towle* Factors.

### B. Access

Absent direct allegations of copying, to prevail on her claim Biani must plausibly allege that Defendants had "a reasonable opportunity to copy" her work, *i.e.*, had the necessary "access" to do so. *See Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 954 (9th Cir. 2019) (citing *Shame on You Prods., Inc. v. Banks*, 120 F. Supp. 3d 1123, 1149 (C.D. Cal. 2015), *aff'd*, 690 F. App'x 519 (9th Cir. 2017)); *see also Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000), *abrogated on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1066 (9th Cir. 2020) ("*Skidmore*").

To survive a motion to dismiss on the basis of access, a plaintiff must allege either: (1) "a particular chain of events . . . between the plaintiff's work and the defendant's access to that work" . . . or (2) that the plaintiff's work has been widely disseminated." *Three Boys Music*, 212 F.3d at 482. If a plaintiff's theory of access is based on a third party, the pleadings must contain allegations of a "sufficient nexus between the individual who possesses knowledge of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-3845-DMG (Ex) | Date | March 29, 2024 |
|---|---|---|---|
| Title | *Anna Biani v. Showtime Networks, Inc., et al.* | Page | 7 of 9 |

plaintiff's work and the creator of the allegedly infringing work." *See Bernal v. Paradigm Talent and Literary Agency*, 788 F. Supp. 2d 1043, 1056–57 (C.D. Cal. 2010) (quoting *Meta-Film Assocs., Inc. v. MCA, Inc.*, 586 F. Supp. 1346, 1356–59 (C.D. Cal. 1984)); *see also Loomis v. Cornish*, 836 F.3d 991, 995–98 (9th Cir. 2016) (discussing access requirement at summary judgment).

Biani does not allege that her work was widely disseminated, so her theory of access relies on alleging a "chain of events" providing access to Defendants. *See* Compl. ¶ 9 (alleging that Biani's work was available on the Forum). As currently pleaded, she has not done so. *See* Compl. ¶ 23 ("Showtime, Logan, and Nevins, or persons acting as their agents and/or at their direction or under their control, including through Does 1 and 2, had access to Biani's works on Murders & Roses."). This level of detail is similar to that which this Court has previously rejected. *See Stabile v. Paul Smith Ltd.*, 137 F. Supp. 3d 1173, 1187 (C.D. Cal. 2015) (granting motion to dismiss because plaintiff "has put forth no specific 'chain of events' linking her work to Defendants' access other than [a] conclusory assertion" of similarity) (citing *Art Attacks Inc., LLC*, 581 F.3d at 1144). Her allegations "do no more than suggest a bare possibility of access, which is insufficient to sustain a copyright infringement claim." *See Briggs v. Blomkamp*, 70 F. Supp. 3d 1155, 1166 (N.D. Cal. 2014).

**C.     Striking Similarity**

In the absence of access, a "striking similarity" between the works may still allow a copyright claim to proceed based on an inference of copying. *See Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987). "Striking similarity is a high bar," and works "must be so strikingly similar that they preclude the possibility of independent creation." *See Briggs*, 70 F. Supp. 3d at 1166–67; *see also* 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 13.02[B] ("At base, 'striking similarity' simply means that, in human experience, it is virtually impossible that the two works could have been independently created").

To assess similarity between two works, courts use both an "extrinsic" and "intrinsic" test." *See Gray v. Hudson*, 28 F.4th 87, 96 (9th Cir. 2022). On a motion to dismiss, the Court considers only the extrinsic test. *See L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 852 (9th Cir. 2012), *as amended on denial of reh'g and reh'g en banc* (June 13, 2012). The extrinsic test looks to the objective similarities of the two works, focusing on only the protectable elements of the plaintiff's expression. The Court first filters out the unprotectable elements: "primarily ideas and concepts, material in the public domain, and *scènes à faire* (stock or standard features that are commonly associated with the treatment of a given subject)." *Rentmeester v. Nike*, 883 F.3d 1111, 1118 (9th Cir. 2018), *abrogated on other grounds by*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-3845-DMG (Ex) | Date | March 29, 2024 |
| Title | *Anna Biani v. Showtime Networks, Inc., et al.* | Page | 8 of 9 |

*Skidmore*, 952 F.3d 1051.  Protectable elements to be compared include plots, themes, dialogue, mood, setting, pace, characters, and the sequence of events.  *Id.* at 1118–19.  Although copyright law does not protect an "idea," it protects the "expression" of the idea.  *Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1398 (9th Cir. 1997).

The Complaint provides a side-by-side comparison of Charlotte and Vanessa, emphasizing the following characteristics they both share:  (a) beautiful, pale brunettes, around the same age, who dress in Victorian attire; (b) depicted as seductive; (c) "strong" women who engage in deviant behavior; (d) witches and herbalists.  *See* Compl. ¶ 57.  Many of these characteristics are "stock" aspects of the Victorian-era England genre such that they are referenced in the Forum description before Biani even created Charlotte.  *Id.* ¶ 33 (requesting "canons and originals" for Murder & Roses Forum, describing mystery, seduction, crime, and "social agitation"); *cf. Shame on You Prods.*, 120 F. Supp. 3d at 1163–64 (shared traits of "pretty blonde but prudent women ('good girls') in their thirties who wear inappropriate brightly-colored dresses" were "too abstract to warrant copyright protection.") (cleaned up).  Overall, courts in the Ninth Circuit have deemed characteristics at similar levels of generality to be unprotectible.  *See Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2022) (no substantial similarity in *scènes à faire* based on same basic plot premise) (citation omitted); *Ricketts v. CBS Corps.*, 439 F. Supp. 3d 1199, 1215–16 (C.D. Cal. 2020) (rejecting comparison between two characters who are young, African-American men from disadvantaged backgrounds and play football).  The comparisons between Malcolm and Landon as global explorers, or between Landon and Vanessa for being clairvoyant, similarly fail.  *See* Compl. ¶¶ 14, 57.  These are all high-level, unprotectible characteristics.

Even if there are some remaining protectible elements, and accepting Biani's characterizations, it cannot be said that any similarities are "striking" enough such that would "preclude the possibility of independent creation."  For example, Vanessa and Charlotte differ on their motivations—one motivated by feminism, the other never depicted in that manner.  *See* Compl. ¶ 57 (describing Charlotte as "feminist and rebellious"); MTD at 26; *Ricketts v. CBS Corps.*, 439 F. Supp. 3d 1199, 1215–16 (C.D. Cal. 2020) (emphasizing differing motivations of characters); *cf. Williams v. Crichton*, 84 F.3d 581, 589 (2d Cir. 1996) ("When one looks beyond the superficial similarities in the characters, many differences emerge, including the motivations for the characters' trip to the dinosaur parks, the skills and credentials of the characters, and their interpersonal relationships.").  Even the commonality of Frederick having epilepsy and Vanessa having seizures is not "strikingly" similar.  *Cf. Briggs*, 70 F. Supp. 3d at 1172–73 (chronic ailments not "similar" where presented with different symptoms and causes).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-3845-DMG (Ex) | Date | March 29, 2024 |
|---|---|---|---|
| Title | *Anna Biani v. Showtime Networks, Inc., et al.* | Page | 9 of 9 |

In short, even construing all her allegations as true, Biani points to no similarities that cast doubt on whether any of the "Penny Dreadful" characters could have been "independently created" rather than copied from her works. There are some shared elements between Biani's characters and those in "Penny Dreadful," but they do not meet the "strikingly similar" test, even at the pleadings stage. *See Silas*, 201 F. Supp. 3d at 1177 ("[C]ourts do not find characters to be substantially similar when two characters have noticeable differences.") (citing *Benay v. Warner Bros. Ent't, Inc.*, 607 F.3d 620, 626–27 (9th Cir. 2010) (finding that differences between two characters' traits including marital status, job, dreams/nightmares, and ideology prevented a finding of substantial similarity)), *abrogated on other grounds by Skidmore*. If Biani is able to provide additional plausible allegations that state a claim on the issue of access, the Court can revisit this analysis under the lower "substantially similar" standard.

**D.     Leave to Amend**

Should a court dismiss certain claims, it must also decide whether to grant leave to amend. "Courts are free to grant a party leave to amend whenever 'justice so requires,' Fed. R. Civ. P. 15(a)(2), and requests for leave should be granted with 'extreme liberality.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). A court should not deny leave to amend unless it "determines that the pleading could not possibly be cured by the allegation of other facts." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (internal quotation marks and citation omitted). Here, it is unclear whether additional allegations could cure the deficiency as to access and the characters' actionable similarities, so leave to amend is **GRANTED**.

**IV.**
**CONCLUSION**

In light of the foregoing, Defendants' motion to dismiss is **GRANTED, with leave to amend**. Biani shall file a First Amended Complaint, or notify the Court of her intention not to do so, within 21 days of the date of this Order. Defendants shall file their response within 21 days after the filing of the First Amended Complaint or the expiration of Biani's deadline for doing so.

**IT IS SO ORDERED**.